LENGYEL & LENGYEL BUILDERS, INC. *v.*
WILLIAM G. HILL ET AL.
(2313)

TESTO, DUPONT and BORDEN, Js.

Argued December 7, 1983—decision released March 6, 1984

*Ernest N. Abate,* with whom, on the brief, was *Michael J. Cacace,* for the appellants (defendants).

*Walter Marcus,* with whom, on the brief, was *Stephen N. Schaffer,* for the appellee (plaintiff).

PER CURIAM. The defendants have appealed[1] from an order which modified but did not dissolve the plaintiff's ex parte prejudgment real estate attachment in an action for breach of contract.[2] The issues on appeal are whether the trial court erred (1) in failing to dissolve the attachment when the original ex parte application failed to state facts sufficient for the court to determine probable cause for the amount of damages, and (2) in rejecting the defendants' defenses of implied contingency and impossibility.

The defendants argue that if an application for an ex parte prejudgment real estate attachment fails to establish probable cause for the validity of the claim and for the amount of damages sought, that failure cannot be cured by a subsequent proof of probable cause as to both at a hearing to dissolve or modify the attachment.

A defendant whose realty is attached at an ex parte hearing has the right to move for and obtain an immediate postseizure hearing. Although the plaintiff must establish the probable cause for the validity of his claim and the amount of his damages in order to obtain an ex parte real estate attachment, in those cases in which the court ordering the original attachment erred, the plaintiff must then establish probable cause at the hearing. *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 192, 470 A.2d 701 (1983); *Mullai* v. *Mullai,* 1 Conn. App. 93, 94, 468 A.2d 1240 (1983).

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The application and affidavit of the plaintiff for a prejudgment remedy was brought pursuant to General Statutes § 52-278e. The defendants moved to dissolve or modify the real estate attachment. After the hearing, the trial court reduced the ex parte attachment from $100,000 to $39,000, and allowed the defendants to substitute a surety bond in the amount of $39,000 in lieu of attachment.

The court erred in ordering the original attachment because the affidavit submitted was devoid of any allegations upon which the court could determine probable cause for the amount of damages sought. At the hearing to dissolve or modify the attachment, however, there was proof of such probable cause.

The hearing also provided evidence sufficient for the court to find probable cause for the maintenance of the plaintiff's cause of action. At such a hearing, the court is not to conduct a trial on the merits but is only to weigh the probabilities of success upon a full-scale trial. *Augeri* v. *C.F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977). The trial court has broad discretion in finding probable cause and such a finding will not be overruled, absent clear error. *Michael Papa Associates* v. *Julian*, 178 Conn. 446, 447, 423 A.2d 105 (1979).

There is no error.