MYRON L. GLANZ *v.* JAMES R. TESTA ET AL.
(2677)

DALY, SPADA and ZOARSKI, Js.

Argued April 26—decision released June 25, 1985

*Larry R. Levine,* for the appellant-appellee (plaintiff).

*Eliot B. Gersten,* for the appellees-appellants (defendants).

PER CURIAM. The plaintiff was granted an ex parte prejudgment remedy to attach real property of the defendants. The defendants filed a motion to dissolve pursuant to General Statutes § 52-278e. At the hearing scheduled on the motion, the trial court refused to hear evidence because it found that the plaintiff's affidavit submitted with the ex parte prejudgment remedy application was insufficient. From the trial court's granting of the motion to dissolve, the plaintiff has appealed and the defendants have cross appealed.

The plaintiff contends the trial court was required to hear testimony and accept evidence at the hearing on the motion to dissolve, and the question of probable cause to sustain the validity of the plaintiff's claim is to be determined at the hearing.

Subsequent to the trial court's decision, this court addressed the same issue and held that the affidavit need not stand alone in determining probable cause, and that "the prejudgment remedy statute can only be invoked successfully, if challenged at a hearing, by factual rather than conclusory evidence of probable cause based on the affidavit and evidence at the hearing, if any." *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 194, 470 A.2d 701 (1984). Even if a court erred in granting an ex parte real estate attachment because of a defective affidavit, the plaintiff may still prove probable cause at a hearing to dissolve or modify the attachment. *Lengyel & Lengyel Builders, Inc.* v. *Hill,* 1 Conn. App. 349, 351, 471 A.2d 975 (1984).

In light of the disposition of this appeal, there is no need to consider the merits of the defendants' cross appeal.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.