## Myron L. Glanz *v.* James L. Testa et al.
### (12805)

Peters, C. J., Healey, Shea, Santaniello and Callahan, Js.

Argued May 1—decision released July 8, 1986

*Elliot B. Gersten,* with whom was *John P. Clifford, Jr.,* for the appellants (defendants).

*Larry R. Levine,* for the appellee (plaintiff).

Shea, J. The narrow issue in this appeal is whether a trial court at a hearing on a motion to dissolve an

ex parte prejudgment real estate attachment is limited to an examination of probable cause as presented in the supporting affidavit to the prejudgment remedy application. The plaintiff, Myron L. Glanz, and the defendants, James Testa and John Bartus, allegedly created a partnership in order to develop property located in East Windsor. On August 9, 1983, the plaintiff brought this action against the defendants for breach of various fiduciary duties and confidential relationships, claiming that the defendants improperly took title to the partnership property in their own names. On the same date, the plaintiff applied, under the provisions of General Statutes § 52-278e,[1] for an ex parte prejudgment attachment of the disputed property in East Windsor. Attached to the application was a supporting affidavit, sworn to by the plaintiff, alleging the

---

[1] "[General Statutes] Sec. 52-278e. ALLOWANCE OF PREJUDGMENT REMEDY WITHOUT HEARING. SUBSEQUENT MOTION, HEARING AND ORDER. The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property; or (2) that there is reasonable likelihood that the defendant (A) neither resides in nor maintains an office or place of business in this state and is not otherwise subject to jurisdiction over his person by the court, or (B) has hidden or will hide himself so that process cannot be served on him or (C) is about to remove himself or his property from this state or (D) is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors or (E) has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of his debts or (F) has stated he is insolvent or has stated he is unable to pay his debts as they mature. The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

factual basis for his claim of $ 2,300,000, one third of the anticipated profits of the partnership operations.

The court, *Satter, J.,* on August 12, 1983, in an ex parte proceeding without notice or hearing, found probable cause to sustain the validity of the plaintiff's claim and granted the requested prejudgment remedy. On September 26, 1983, the defendants moved to dissolve the prejudgment attachment. The trial court, *N. O'Neill, J.,* granted the motion to dissolve on the ground that the plaintiff's affidavit was insufficient to establish probable cause with respect to damages. The court expressly refused to hear additional evidence from the plaintiff to support the claim for damages.

The plaintiff appealed from that judgment to the Appellate Court which, in reversing the trial court, held that even if an affidavit is inadequate to establish probable cause, the plaintiff may still prove probable cause at a hearing to dissolve the attachment. *Glanz* v. *Testa,* 4 Conn. App. 330, 331, 494 A.2d 600 (1985). Upon the grant of certification, the defendants appealed to this court, claiming that, because a valid affidavit is a condition precedent to an ex parte prejudgment attachment, a plaintiff may not, at a hearing on a motion to dissolve, present evidence to cure a defect in the initial affidavit. We agree with the Appellate Court that a plaintiff may present evidence at a hearing on a motion to dissolve an ex parte prejudgment attachment in order to support an insufficient initial affidavit.

The remedy of attaching and securing a defendant's property to satisfy a potential judgment in favor of the plaintiff is unknown to the common law and is purely a statutory vehicle. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 582, 376 A.2d 60 (1977). Under General Statutes § 52-278e, the court may award a prejudgment remedy, without a hearing or notice to the defendant, upon verification by oath

of the plaintiff or some competent affiant that there is probable cause to sustain the validity of the plaintiff's claim. "The statute can be invoked only by a verified affidavit that contains factual, rather than merely conclusory, supporting allegations." *Fermont Division* v. *Smith,* 178 Conn. 393, 397, 423 A.2d 80 (1979); see *Kukanskis* v. *Griffith,* 180 Conn. 501, 505, 430 A.2d 21 (1980). Under this ex parte prejudgment remedy procedure, the court must make a determination of probable cause based solely on the facts contained in the affidavit before granting the attachment. In order to comport with federal constitutional due process requirements; *Fermont Division* v. *Smith,* supra, 397–98; the statute guarantees the defendant the opportunity for an immediate post-seizure hearing at which the prejudgment remedy will be dissolved unless the court determines "that there is probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278e. It is this facet of the ex parte prejudgment remedy mechanism that is the focus of this appeal. The gravamen of the issue before us is whether the plaintiff can, during the hearing on the motion to dissolve, introduce evidence supplementing the facts set forth in the initial prejudgment remedy affidavit.

Section 52-278e provides that the prejudgment remedy granted shall remain in effect if the court determines at the hearing "that there *is* probable cause to sustain the validity of the plaintiff's claim." (Emphasis added.) We construe this language to allow the plaintiff to introduce at the hearing additional evidence to buttress his initial affidavit, just as the defendant may produce evidence to the contrary. In affording the defendant an opportunity for review of the granting of the ex parte attachment, the statutory provision for a hearing was not intended to preclude the plaintiff from evidentiary proof of the existence of probable cause at the time of the hearing. A different

construction of the statute would not prevent a plaintiff whose affidavit in support of an ex parte prejudgment attachment was deficient, once he became aware of a potential challenge, from moving for an ordinary prejudgment attachment, with notice to the defendant, pursuant to General Statutes §§ 52-278c and 52-278d. The resourceful plaintiff thus could obviate the insufficiency of his affidavit by presenting evidence to establish probable cause at this duly noticed proceeding. By providing that the ex parte attachment shall remain in effect if the court finds at the hearing on the defendant's motion to dissolve the attachment that there "is" probable cause to support the plaintiff's claim, the legislature has made it unnecessary for a plaintiff to institute such an additional proceeding to retain an attachment that might otherwise be infirm.

The statute has thus made it possible to combine a proceeding under §§ 52-278c and 52-278d with the hearing on the validity of the initial prejudgment remedy that was obtained ex parte, rather than require a plaintiff to institute such a proceeding separately. The statute could, if the legislature had so desired, merely have provided that the hearing be limited to a determination of the sufficiency of the ex parte affidavit alone. *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 192, 470 A.2d 701 (1984). A deficient affidavit would then have resulted in the discharge of the ex parte attachment until such time as a redetermination of the existence of probable cause was made in a subsequent proceeding instituted by the plaintiff. The language of the statute as enacted requires no such duplication of effort. As the Appellate Court aptly concluded, "[e]ven if a court erred in granting an ex parte real estate attachment because of a defective affidavit, the plaintiff may still prove probable cause at a hearing to dissolve or modify the attachment. *Lengyel & Lengyel Builders, Inc.* v. *Hill,* 1 Conn. App. 349, 351, 471 A.2d 975 (1984)." *Glanz* v. *Testa,* supra, 331.

Under the circumstances of this case, the trial court determined that although the initial affidavit adequately established probable cause with respect to the defendants' liability, it did not support a claim of $ 2,300,000 in damages. Attached to the affidavit in support of the plaintiff's claim of damages was a statement of the anticipated profits of the partnership, estimated at $6,916,005, that had been prepared by an expert and submitted by the *defendants* to the East Windsor planning and zoning commission. The court determined that the statement could not support the claim for damages because it made no allowance for certain costs that would be incurred in developing the disputed property. At the hearing on the motion to dissolve, counsel for the plaintiff conceded that his evidence would show "that it is off by at least two" million dollars.[2] Although the statement did not support the full amount of the plaintiff's claim, it appears to support adequately a claim for some damages to be recovered. Under our construction of General Statutes § 52-278e it is clear that the trial court improperly refused to allow the plaintiff to introduce evidence in order to establish the amount of his claim.[3]

---

[2] The transcript of the hearing does not clarify whether this reference is to the statement of estimated profits of $6,916,005 or to the plaintiff's claimed share of $2,300,000.

[3] Under General Statutes § 52-304 a defendant whose property has been attached may, in writing, move to dissolve the attachment by substituting a surety bond or a lien on other property which has an equal or greater net equity value than the amount secured by such attachment. Further, under General Statutes § 52-307 "[a]ll persons interested may be heard in relation to the amount and sufficiency of the bond or substitute lien offered by the defendant." Our construction of General Statutes § 53-278e, allowing a plaintiff to present evidence supporting a claim for damages at a hearing on the defendant's motion to dissolve, does not undermine the defendant's right to dissolve a prejudgment attachment by substitution. A defendant who perceives that an attachment is excessive is free to claim that the amount of the offered bond or lien will provide adequate security for the plaintiff. This determination will, necessarily, be made at a hearing at which the court will hear evidence as to the appropriate amount of the plaintiff's claim.

Although we have concluded that a plaintiff may introduce additional evidence of probable cause at the post-seizure hearing on a motion to dissolve or modify an ex parte prejudgment attachment, we have no occasion in this case to resolve the potential issue involving the effective date of the attachment. If a court determines that an affidavit was inadequate to establish probable cause at the time the ex parte attachment was granted, unfair prejudice might result against creditors that acquire valid liens on the real estate during the period between the attachment and the hearing on the motion to dissolve. The record does not indicate the existence of a situation involving an intervening creditor in this instance, or any other circumstance to necessitate a determination of the adequacy of the ex parte affidavit apart from the evidence the plaintiff offered in support of his claim. If the plaintiff had been allowed to present evidence at the post-seizure hearing that sufficiently established probable cause, his attachment would unquestionably have been effective from that date forward.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.