[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant William W. Berman moves this court to dismiss and/or reduce a prejudgment remedy against him granted by this court ex parte in this action to foreclose a mortgage brought by plaintiff against defendant partnership known as William L. Wollenberg and William W. Berman, and to collect against the individual partners as guarantors on the mortgage note.
The plaintiff bank attaches property of the individual defendants without a court hearing based on a waiver of the right to notice and hearing of a prejudgment remedy provided for in the commercial mortgage note. Berman contends that the waiver is invalid because he did not knowingly relinquish his right to the notice and hearing required under 52-278d of Conn. Gen. Stat. The court does not reach that issue because it finds, after a hearing, that the plaintiff has established probable cause to sustain the validity of its claim against the defendants. Glanz v. Testa, 200 Conn. 406 (1986) holds that if an ex parte prejudgment real estate attachment is granted on an insufficient affidavit, the subsequent findings of probable cause after a hearing cures the error and the prejudgment remedy may remain in effect. Accordingly, defendant's motion to dismiss the prejudgment remedy in this case is denied.
On the issue of whether the attachment against the property of defendant Berman is excessive, the court finds that the plaintiff's debt, as of the date of the hearing on December 7, 1990, to be $737,430.50, making a prejudgment remedy in the amount of $800,000 appropriate, in light of the likely accrual of interest and incurring of legal and other expenses during the pendency of this case. The testimony indicated that the partnership property securing the plaintiff's mortgage has a value of $700,000 to $800,000. The court finds the value to be CT Page 196 $700,000.
While the plaintiff can elect to sue the individual defendants on their guarantees personally, without foreclosing on the mortgage, in this action it is seeking to foreclose on the mortgage. The posture of this case at this time is that the individual defendants are only exposed to a possible deficiency judgment.
In D.Q. Herriques Ltd. v. Bockwig, Civil No. B-90-329 (U.S.D. Ct., Conn., Nov. 19, 1990, slip op., Burns, J.) the United States District Court for the District of Connecticut held that where two defendants were jointly and severally liable, a prejudgment remedy could be issued against each of them for the full amount of the debt. That opinion gives no reason for its conclusion and does not take into account the devastating consequence of an excessive attachment. Moreover that case was not a foreclosure action on property owned by the defendants. Here the individual defendants are co-owners of the partnership property securing the mortgage, 34-63(1) Conn. Gen. Stat., and the value of that property should be considered in determining adequate security for the payment of plaintiff's debt.
Plaintiff has attached property of defendant Berman: at 1066 Farmington Avenue and 1051-55 Farmington Avenue, Farmington, estimated to have no equity; at Melrose Drive, Farmington, estimated to have a value of $2,600,000, a mortgage of $2,200,000 and an equity of $400,000; at 45 Drydock Road, Canton, estimated to have a value of $300,000, no mortgage, and an equity of $300,000. Since plaintiff can only collect its debt once, these attachments are excessive.
Acting pursuant to 52-278k, Conn. Gen. Stats., this court reduces the prejudgment remedy against property of defendant Berman to $100,000 against his Drydock Road, Canton property only.
If plaintiff relinquishes its claim on the mortgage and withdraws its foreclosure action against the partnership property, or discovers that the property does not have a value of $700,000, it can apply to this court to modify the prejudgment remedy order pursuant to 52-278k.
Defendant Berman's motion to reduce the prejudgment remedy issued by this court ex parte is granted to the extent of reducing it to $100,000 against defendant Berman's Drydock Road, Canton property only.
Satter, J. CT Page 197