LESLIE LAUF *v.* RAYMOND JAMES
(11677)

LAVERY, LANDAU and FREEDMAN, Js.

Argued September 29—decision released December 14, 1993

*John P. Sjovall,* for the appellant (defendant).

*Joseph Dimyan,* with whom, on the brief, was *Ronald E. Kowalski II,* for the appellee (plaintiff).

FREEDMAN, J. The defendant, Raymond James, appeals from the trial court's granting of a prejudgment attachment of his real property pursuant to General Statutes § 52-278a et seq. The defendant claims that the trial court improperly granted the application of the plaintiff, Leslie Lauf, for a prejudgment remedy because she failed to submit a properly executed affidavit along with her application.[1] We reverse the order of the trial court.

The following facts are necessary for the disposition of this appeal. The plaintiff was born in Danbury in 1965. She lived in Connecticut until 1987 when she moved to California and resided there until the time of this action.

On August 10, 1992, the plaintiff filed an application for a prejudgment remedy, which sought to attach real property owned by the defendant in Danbury, to secure

---

[1] The defendant also claims that the plaintiff's action is barred by the statute of limitations. We do not address this claim any further than to state that the issue has been addressed by our Supreme Court in *Roberts* v. *Caton,* 224 Conn. 483, 619 A.2d 844 (1993). Additionally, the defendant claimed that the trial court erred in granting the prejudgment remedy because the plaintiff had failed to comply with General Statutes §§ 52-278c (d) and 52-278d (b) by signing the summons and complaint submitted with the application for prejudgment remedy. We need not address this claim because of our resolution of the defendant's claim that the plaintiff failed to submit a properly executed affidavit.

the sum of $500,000. Along with the application for a prejudgment remedy, the plaintiff submitted a complaint alleging that the defendant sexually assaulted her on various occasions from 1972 to 1982. Also accompanying the application was what purported to be an affidavit of the plaintiff averring to the facts contained in the complaint. This affidavit had been faxed to the plaintiff in California where she signed it and then faxed it back to her attorney in Connecticut. Upon receipt of the faxed affidavit, the attorney took the plaintiff's acknowledgment over the telephone.

A hearing on the prejudgment remedy application was held to determine probable cause on August 17, 1992, before *Moraghan, J.* At the hearing, the defendant moved to dismiss or strike the application for a prejudgment remedy claiming, inter alia, that because of the manner in which the purported affidavit was acknowleged, it was not in fact an affidavit and did not satisfy the requirements of General Statutes § 52-278c (a) (2).[2] After oral argument, the trial court denied the motion. Immediately thereafter, the trial court began the probable cause hearing. Because it was late in the day, however, the hearing was stopped and

---

[2] General Statutes § 52-278c provides in pertinent part: "(a) Except as provided in sections 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents:

"(1) An application, directed to the superior court to which the action is made returnable, for the prejudgment remedy requested;

"(2) An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff;

"(3) A form of order that a hearing be held before the court or a judge thereof to determine whether or not the prejudgment remedy requested should be granted and that notice of such hearing be given to the defendant;

"(4) A form of summons directed to a proper officer commanding him to serve upon the defendant at least four days prior to the date of the hearing, pursuant to the law pertaining to the manner of service of civil process, the application, a true and attested copy of the writ, summons and complaint, such affidavit and the order and notice of hearing . . . ."

started anew the following morning before *Rodriguez, J.* After a full hearing, the trial court found that there was probable cause to sustain the validity of the plaintiff's claim and granted the application. On the basis of the evidence presented at the hearing, the trial court set the amount of the attachment of the defendant's real property at $50,000.

At oral argument before this court, the plaintiff conceded that the purported affidavit did not constitute an affidavit and that we should proceed as if there had been no affidavit submitted with the application for prejudgment remedy.[3]

The controlling issue before this court, therefore, is whether an affidavit must be submitted along with an application for prejudgment remedy in order for the trial court to order and conduct a hearing on an application for a prejudgment remedy.[4]

There are three separate elements of the jurisdiction of a court: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment. *Castro* v. *Viera,* 207 Conn. 420, 433–34, 541 A.2d 1216 (1988). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it. *Meinket* v. *Levinson,* 193 Conn. 110, 115, 474 A.2d 454 (1984); *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 559, 468 A.2d 1230 (1983); *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); 1 Restatement (Second), Judgments (1982) § 11." *Bridgeport* v. *Debek,* 210 Conn. 175, 180, 554 A.2d 728 (1989). Pursuant to General Statutes § 52-278a et seq., the trial court has statutory author-

---

[3] We, therefore, do not reach the issue of the effect that a facsimile transmission may have on an affidavit.

[4] The plaintiff did not seek an ex parte attachment.

ity to hear and grant applications for prejudgment remedies. Therefore, the trial court had subject matter jurisdiction to hear this application for a prejudgment remedy.

"Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver. *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 39, 495 A.2d 1034 (1985); see also *Insurance Corporation of Ireland* v. *Compagnie des Bauxites,* 456 U.S. 694, 703–704, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)." *Bridgeport* v. *Debek,* supra. Here, the defendant was served with process and appeared at the hearing. Thus, the trial court had personal jurisdiction. The issue before us, therefore, is whether the trial court had jurisdiction to issue the order granting the prejudgment remedy.

"The remedy of attaching and securing a defendant's property to satisfy a judgment which the plaintiff may recover is unknown to the common law and is founded on and regulated by our statutory law. *E. J. Hansen Elevator, Inc.* v. *Stoll,* [167 Conn. 623, 628, 356 A.2d 893 (1975)]; *Harris* v. *Barone,* 147 Conn. 233, 234, 158 A.2d 855 [1960]; *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720 [1954]; *Loewe* v. *Savings Bank of Danbury,* 236 F. 444, 448 (2d Cir. [1916]); *Penoyar* v. *Kelsey,* 150 N.Y. 77, 44 N.E. 788 [1896]. It follows that a party seeking an attachment must comply with the requirements of the statutes allowing such attachment as may be sought." *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corp.,* 172 Conn. 577, 582, 376 A.2d 60 (1977). General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or equity . . . unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive . . . ." "Except in certain instances not applicable to this case, one of the prerequisites to the granting of such a remedy is that

the plaintiff or some competent person sign an affidavit stating facts sufficient to establish probable cause that judgment will be rendered in the matter in favor of the plaintiff. General Statutes § 52-278c (A) (b)." *Essex Group, Inc.* v. *Ducci Electric Co.,* 181 Conn. 524, 525, 436 A.2d 16 (1980).

Because, as conceded by the plaintiff, we are to decide this case as if no affidavit had been filed with the application, we conclude that the plaintiff failed to comply with the requirements of § 52-278c.[5] Therefore, the trial court did not have jurisdiction to issue the order granting the prejudgment remedy.

The plaintiff contends, however, that the lack of an affidavit can be cured through the evidence presented at the hearing to determine probable cause. In support of her contention, the plaintiff relies on *Glanz* v. *Testa,* 200 Conn. 406, 511 A.2d 341 (1986), and *Lengyel & Lengyel Builders, Inc.* v. *Hill,* 1 Conn. App. 349, 471 A.2d 975 (1984).

In *Glanz,* the issue was whether a trial court, at a hearing on a motion to dissolve an ex parte prejudgment real estate attachment, is limited to an examination of probable cause as presented in the supporting affidavit to the prejudgment remedy application. *Glanz* v. *Testa,* supra. Our Supreme Court held "that a plaintiff may present evidence at a hearing on a motion to dissolve an ex parte prejudgment attachment in order to support an insufficient initial affidavit." *Glanz* v. *Testa,* supra, 408. Likewise, in *Lengyel,* the plaintiff requested an ex parte prejudgment real estate attachment. *Lengyel & Lengyel Builders, Inc.* v. *Hill,* supra. The application failed to establish probable cause for the amount of damages sought. Id. In *Lengyel,* we held that the evidence at the hearing to dissolve the attach-

---

[5] See footnote 2.

ment may be used to establish probable cause notwithstanding an insufficient affidavit submitted with the application. Id.

Both *Glanz* and *Lengyel,* however, are clearly distinguishable from the present case. *Glanz* and *Lengyel* involved properly *executed* affidavits that were simply lacking in sufficient facts to show probable cause. Here, there was no affidavit. Since § 52-278c (a)[6] requires that an affidavit be submitted with an application for a prejudgment remedy before a prejudgment remedy "shall be available to a person" under § 52-278b, it is only *after* an affidavit is submitted that the holdings in *Glanz* and *Lengyel* become applicable.

The order granting the application for the prejudgment remedy is reversed and the case is remanded with direction to deny the plaintiff's application.

In this opinion the other judges concurred.