[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On February 1, 1995, the plaintiff, Robert Maietta, filed a small claims action against the defendants, Howard Johnson Franchise, Inc., and the Howard Johnson Plaza Hotel, Windsor. The CT Page 5009 plaintiff alleges that he tripped and fell while exiting an uneven elevator cab at the Howard Johnson Plaza Hotel in Windsor, Ontario. The plaintiff's action was transferred to the Superior Court on March 16, 1995, upon motion of the defendant.
Howard Johnson Franchise, Inc., filed a motion to dismiss, on the grounds of lack of personal jurisdiction and forum non conveniens, on April 6, 1995. The plaintiff did not file any memorandum in opposition.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) Lauf v. James, 33 Conn. App. 223, 227, 635 A.2d 300
(1993). "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142." Practice Book § 144. SeeHenry v. Perkins, Superior Court Docket No. 313715 (September 19, 1994, McGrath, J.).
The defendant, Howard Johnson Franchise, Inc., filed its appearance on February 21, 1995, and its motion to dismiss on April 6, 1995. Therefore, the defendant has waived any claim of lack of personal jurisdiction.
Regarding forum non conveniens, however, it has been held that the thirty day limitation does not apply. Afflerbach v.Furry, 2 Conn. L. Rptr. 762 (November 9, 1990, Hennessey, J.). The Supreme Court stated in Picketts v. International Playtex,Inc., 215 Conn. 490, 576 A.2d 518 (1990) that "unless the balanceis strongly in favor of the defendant, the plaintiff's choice of forumshould rarely be disturbed. . . . Although it would be inappropriate to invoke rigid rule to govern discretion . . . it bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint. The trial court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff. . . . Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum shopping by either litigant at the expense of the other . . . it CT Page 5010 cannot exercise its discretion in order to level the playing field between the parties. The plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages should be respected unless equity weighs strongly in favor of the defendant. . . [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. . . . Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 500-502. In light of these guidelines respecting the determination of forum non conveniens, the court in Xerox Corp. v. Axel Johnson EnergyDevelopment, Inc., 8 Conn. L. Rptr. 551, 554 (April 2, 1993, Lewis, J.) stated that "[i]t is difficult to imagine afterPicketts that granting of a forum non conveniens motion would ever be sustained, particularly in light of the Supreme Court's reference to modern technological innovations' such as jet airplanes, satellites and videotaped depositions."
The defendant has not shown any facts which tilt the balance strongly in its favor, only that another forum may be a better one, which is insufficient to overcome the presumption in favor of the plaintiff's chosen forum. The defendant has waived its claim based on lack of personal jurisdiction and has not satisfied the stringent requirements of the doctrine of forum non conveniens. Accordingly, the defendant's motion to dismiss is denied.
So Ordered.
D'ANDREA, J.