[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#142)
On June 28, 1990, the plaintiff, Fur Vault, Inc., filed a seven count complaint against the defendants, Wm. Hobbs, Ltd., Arquitectonica and Nikon Construction, Inc. In counts one through four, the plaintiff alleges a product liability claim pursuant to General Statutes § 52-572 et. seq., negligence, breach of warranties, and breach of implied warranties against the defendants. In counts five through seven, the plaintiff alleges breach of contract against each of the defendants.
On April 13, 1995, the plaintiff received a judgment for failure to appear against Arquitectonica. On August 11, 1995, Arquitectonica filed a motion to open the judgment on the ground that it did not receive notice of the action, which was granted by the court, Nadeau, J., on October 4, 1995. On November 3, 1995, Arquitectonica filed a motion to dismiss on the ground of insufficiency of service of process. The plaintiff filed a memorandum of law in opposition on November 13, 1995, to which Arquitectonica replied on November 20, 1995.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in CT Page 1431-GG original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "`Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" Castro v. Viera, 207 Conn. 420, 433-34,541 A.2d 1216 (1988).
Arquitectonica argues that the plaintiff failed to make proper service upon it pursuant to General Statutes § 33-411 (d), and therefore, the court is without personal jurisdiction. The plaintiff contends that the motion to dismiss is untimely; that the granting of Arquitectonica's motion to open is on appeal and therefore, the motion to dismiss is not ripe for adjudication; and, that service was properly made on Arquitectonica.
The plaintiff maintains that Arquitectonica's motion to dismiss is untimely in that Arquitectonica appeared in August 1995, and filed its motion to dismiss in November 1995.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) Lauf v. James, 33 Conn. App. 223, 227,635 A.2d 300 (1993). "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142." Practice Book § 144. See Henry v. Perkins, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 313715 (September 19, 1994, McGrath, J.).
Arquitectonica filed its motion to reopen on August 11, 1995, and filed an appearance on August 25, 1995. On September 11, 1995, Arquitectonica filed a motion for extension of time in which to file a motion to dismiss. This was granted by the court, Nadeau, J., on September 25, 1995, until thirty days from the entry of the court's order on the motion to open, which was granted on October 4, 1995. Arquitectonica's motion to dismiss was filed on November 4, 1995. CT Page 1431-HH
Arquitectonica filed its motion for extension of time within 30 days of filing its appearance, and its motion to dismiss was filed within the time provided for in the motion to extend time; therefore, its motion to dismiss was timely filed.Friedlander v. Kwartin, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 127302 (February 22, 1993, Rush, J.); but see, Ecsedy v. Jack TarVillage Resorts, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 287576 (April 16, 1992, Katz, J.) (in which the court held that the motion to extend time must be acted upon within the thirty day period in order to extend the time in which to file). The plaintiff argues that Arquitectonica appeared by filing its motion to open on August 11, 1995. Arquitectonica's motion to dismiss is timely as the thirty day period was tolled until the motion to reopen had been granted. See Signore v. Air Command Manufacturing Industries,
Superior Court, Judicial District of New Haven at New Haven, Docket No. 333656 (October 26, 1992, Hadden, J.).
The plaintiff also argues that the motion to dismiss should not be determined until the appeal regarding the motion to open has been decided. In the interest of judicial economy, a decision on Arquitectonica's motion to dismiss would be premature, pending the outcome of the plaintiff's appeal.
Accordingly, Arquitectonica's motion to dismiss is denied without prejudice to reclaim.
RICHARD J. TOBIN, JUDGE