[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS OR DENY
 FACTS
On June 16, 1998, the court granted the plaintiff's application for a prejudgment attachment, after a hearing on June 8, 1998. On September 14, 1998, the court granted the defendant's motion to modify, reducing the value of the CT Page 126 attachment.
The defendant now seeks an order vacating those orders via a "motion to dismiss or deny," alleging the court lacked jurisdiction.
 I
The defendant's claim of lack of jurisdiction is premised on the claim that the plaintiff's affidavit was, in fact, not an affidavit as required by Sec. 52-278c(a)(2). There is no question that this document was signed and sworn to, but it does not list the facts relied on to formulate its prayer for relief. Instead, it refers to facts as set forth in the accompanying unsigned complaint.
The defendant relies on an Appellate Court case, Lauf v.James, 33 Conn. App. 223 (1993). In that case, the granting of the prejudgment remedy was reversed on the grounds that there was no affidavit. (Actually, an instrument purporting to be an affidavit was filed but it was found not to have been properly acknowledged).
In its decision, the Appellate Court distinguished Lauf v.James, from other cases addressing the insufficiency of properly executed affidavits. And, in those decisions, the courts held that insufficient affidavits may be supplemented by evidence at a hearing on a motion to dissolve a prejudgment attachment. Glanzv. Testa, 200 Conn. 406 (1986) and Lengyel Lengyel v. Hill,1 Conn. App. 349 (1984).
Therefore, the only basis upon which the defendant can prevail on the jurisdictional claim is that the plaintiff did not set forth "a statement of facts sufficient to show that there is probable cause . . ." The segments of the affidavit in dispute are as follows:
 3. I am thoroughly familiar with the facts contained in the unsigned complaint and in the application for prejudgment remedy in the above entitled matter, and the facts set forth in each are true to the best of my knowledge and belief.
 4. In my opinion, the foregoing facts are sufficient to show that there is probable cause that judgment will be rendered for the plaintiff."
CT Page 127
The court does not see this presentation as any different than if the affiant referred to a written contract, and without quoting it, attaching it to his papers.
The court concludes that the document in question was an affidavit as required by statute and the material referred to in the text was "sufficient to show that there is probable cause . . ."
 II
Though the conclusion above is dispositive of the issue, the court finds the defendant's motion without merit on another ground.
Contrary to the defendant's contention, the court did have subject matter jurisdiction to hear and grant this application, pursuant to Section 52-278a. This position is enunciated in theLauf v. James case cited by the defendant at pages 226-227. In discussing the question of jurisdiction, the court commented also on personal jurisdiction and noted that in the Lauf case the issue was whether the trial court had jurisdiction to issue the order granting the prejudgment remedy, id. at 227.
The court addressed three elements of jurisdiction of a court, concluding that the statute conferred subject matter jurisdiction and adherence to the statutory requirements granted jurisdiction to issue the order in question. (Personal jurisdiction is not pertinent here).
Thus, this was not a case where jurisdiction could be raised at any time since it did not involve subject matter jurisdiction.
It was therefore incumbent upon the defendant to question the court's authority before the hearing, and having failed to do so, it cannot now, after submitting to two court hearings, turn the calendar back six months.
By virtue of the doctrines of laches and waiver, the defendant should be precluded from asserting this late claim.
Anthony V. DeMayo Judge Trial Referee CT Page 128