[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON
 MOTION TO DISMISS
The plaintiff, Shelton Winnelson Co, formerly dba. Derby Winnelson Co., has attached certain property of the defendants, Nicholas Sapiente and Ralph Sansone.[1] The defendant, Nicholas M. Sapiente (hereinafter "the defendant"), on August 14, 1998, moved to dismiss the entire action on the ground that there was an insufficient service of process. Specifically, the defendant argues that the plaintiff failed to follow the mandates of General Statutes §§ 52-278e and 52-278f in that the plaintiff failed to file a proper affidavit and also failed to include the requisite statutory notice and the waiver to an initial hearing.
A review of the file indicates that the plaintiff, in the complaint dated July 28, 1998, with a return date of September 1, 1998, neglected to attach the statutory notice stated in §52-278e(b) and required by § 52-278f(3). According to the defendant, the failure of the plaintiff to follow the statutory mandates deprives the court of personal jurisdiction over the defendant. The motion to dismiss is denied. CT Page 5700
A motion to dismiss is not the appropriate procedural form by which the defendant may seek to dissolve any prejudgment remedy attachments. Though the defendant moves to dismiss the attachment and action on the ground of improper service of process, the defendant is not really challenging jurisdiction of the court over the defendant, who appears to have been properly served by abode service. Rather, the defendant argues that the failure of the plaintiff to meet the additional requirements of notice and affidavit are a prerequisite for the establishment of jurisdiction.
Several well reasoned decisions of the superior court, however, have held that such inadequacies do not raise the question of the court's jurisdiction over the case, but rather are more appropriate in challenging the validity of the prejudgment attachment. Fleet Bank, N.A. v. Central RealtyAssociates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557010 (January 7, 1998, Teller, J.); Union Trust Co. v. Brodeur, Superior Court, judicial district of New Haven at New Haven, Docket No. 306605 (May 14, 1991, Gray, J.); see also Office Relocation Management v. Lee, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 702339 (February 10, 1992, Burns, J.) (illustrating the differences between a motion to dismiss and a motion to dissolve).
As pointed out in several of these decisions, the provisions dealing with prejudgment remedies, specifically General Statutes § 52-278k, allow a challenging party to file a motion to dissolve the attachment.[2] These procedures are more appropriate in addressing any technical deficiency concerning the prejudgment remedy.
While failure of a plaintiff to take the appropriate technical steps to provide the defendant with notice of his statutory rights might prejudice the defendant, the inclusions or exclusions of these statutory rights do not affect the underlying action. "An attachment is no part of the original process necessary to the commencement of an action, which . . . consists of the issuance and service of a summons and complaint."Bartosiewicz v. Town of Hartford, 14 Conn. Sup. 357, 359, ___ A.2d ___ (1946). Thus, "prejudgment remedy proceedings . . . are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of the CT Page 5701 adjudication." E.J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, 629, 356 A.2d 893 (1975). As such, the underlying action may continue even if the plaintiff no longer has the security of a prejudgment remedy.
There is no need to dismiss the entire action in situations where the defendant questions conduct on the part of the plaintiff that may have been prejudicial for the purposes of a prejudgment remedy. Thus, a motion to dissolve the prejudgment remedy, and not a motion to dismiss the entire action, would be the defendant's appropriate remedy.
In any event, the plaintiff has timely cured any deficiencies that may have been in the original summons. Practice Book § 175, now Practice Book (1998 Rev.) § 10-59, states that "[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." At least one other court has held that a "technical" deficiency under § 52-278f may be cured pursuant to the above-quoted practice book provisions. See Neiditz v. MagicVideo, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536733 (November 23, 1994, Sheldon, J.). Since the return date of the original summons and complaint was September 1, 1998, the plaintiff had until October 1, 1998 to correct any defects. The amended complaints of September 16 and September 24, 1998 would thus be timely and remedy any problems concerning the required notice.
The defendant also argues that the affidavit filed by the plaintiff is improper as it does not allege sufficient facts to warrant a prejudgment remedy. The court disagrees. In the present case, the president of the corporate plaintiff has submitted an affidavit attesting to the fact that the defendant has an open account and has neglected and refused to pay said account. The plaintiff also attests to the fact that he is thoroughly familiar with the facts contained in the complaint.
Faced with a similar situation where the affiant referred to facts elaborated in greater detail in a complaint, without actually quoting from the complaint, at least one Superior Court has held that such an affidavit is proper and sufficient to show that there is probable cause. See Giordano Construction Co., Inc.v. Novicelli Construction, Inc., Superior Court, judicial CT Page 5702 district of New Haven at New Haven, docket No. 412074 (January 13, 1999, DeMayo, J.T.R.) (23 Conn. L. Rptr. 660.) The court reasoned that reference to a complaint, without quoting it, was no different than reference to a written contract attached to the affidavit.
This analogy is persuasive. The affidavit contains the basic facts necessary to state probable cause. Moreover, the affiant has sworn that he is familiar with the underlying facts and would be able to testify, as to these facts.
For all these reasons, the motion to dismiss is denied.
Flynn, J.