GLENN BANKS ET AL. *v.* RUSSELL VITO ET AL.
(7259)

BORDEN, SPALLONE and DALY, Js.

Argued May 2—decision released August 1, 1989

*Benson A. Snaider,* with whom, on the brief, was *Britta Schneider,* for the appellants (defendants).

*Bruce S. Beck,* for the appellees (plaintiffs).

DALY, J. The defendants[1] appeal from the order of the trial court denying their motion to dissolve a prejudgment remedy.

The plaintiffs, Glenn Banks and Erving Arnold, as minority shareholders of the defendant corporation, instituted an action against the corporation and two individual defendants alleging in an amended complaint[2]

---

[1] The defendants are Russell Vito and Russell D'Agostino, individually, and R & R Transportation Services, Inc., the corporate defendant. Only the individual defendants are parties to this appeal.

[2] The amendment was dated March 18, 1988. The defendants' objection was overruled by the trial court, *Maiocco, J.,* on May 23, 1988, subsequent to the memorandum of decision on the motion to dissolve filed April 8, 1988. A trial court, in its discretion, may allow an amendment to pleadings, before, during, or after trial to conform to the proof. *Cabinet Realty, Inc.* v. *Planning & Zoning Commission,* 17 Conn. App. 344, 348, 552 A.2d 1218 (1989); see Practice Book § 178.

that the individual defendants (1) diverted funds via dividends, salaries, commissions, pension plans and personal travel and entertainment; (2) breached their fiduciary duties as majority shareholders, officers and directors by utilizing corporate assets and profits for their personal use and benefit and by preventing the plaintiffs from participating in the corporation's business; and (3) breached an agreement to divide the corporation's profits.[3]

Upon commencing suit, the plaintiffs sought an ex parte prejudgment remedy allowing attachments on the real estate of the individual defendants in the amount of $100,000 each. The trial court, *Shaughnessy, J.,* granted the prejudgment remedy. The defendants thereafter moved to dissolve the attachments. After a full hearing, the trial court, *D. Dorsey, J.,* denied the defendants' motion to dissolve the prejudgment remedy. The defendants filed a motion for rehearing, which the trial court, *D. Dorsey, J.,* denied. This appeal ensued.

The defendants contend that the court erred in finding (1) that the plaintiffs established probable cause that the individual defendants were personally liable on the basis of the breach of fiduciary duties owed to the plaintiffs, or, in the alternative, the breach of a promoter's agreement, and (2) that the plaintiffs had suffered damages of $100,000 each for which they could recover in an individual action rather than in a derivative action. We find no error.

The following facts are relevant to the disposition of this appeal. Prior to December, 1985, the four parties entered into an agreement whereby they would form a corporation. The two defendants were to provide the

---

[3] The third count of the original complaint was directed against the defendant corporation only.

management and direction for the corporation and also would devote their energies full-time to the enterprise, while the two plaintiffs would provide financial assistance. The plaintiffs also agreed to refer air freight customers to the new corporation, R & R Transportation Services, Inc. The agreement was that each plaintiff was to own one sixth of the shares of the stock while each defendant was to own one third of the shares of stock. The four further agreed to split the profits in the same ratio as the stock. In addition, the four agreed that each plaintiff was to remain vice president and director for the life of the corporation. Each defendant was to receive a salary of $500 per week, a company car, and insurance benefits at the start of the corporation. Any weekly monetary compensation to the plaintiffs would begin when the corporation became profitable. The corporation was formed in January, 1986, and the four parties were named officers and directors.

In June, 1986, the four agreed that the corporation had become profitable and, at that time, each party received a proportionate share bonus. In addition, the plaintiffs began receiving proportionate weekly compensation checks in the amount of $250. In October, 1986, the defendants offered to purchase the plaintiffs' interests for $5000 each. When the plaintiffs declined the offer, the weekly compensation payments ceased, they lost their positions as officers and directors and were replaced by the defendants' spouses, and they were denied access to the corporation's books.

The plaintiffs introduced uncontroverted evidence that, after the plaintiffs were removed as officers and directors, the defendants (1) awarded themselves bonuses of $20,000 each, (2) set up a pension plan that had a contribution of $20,000 and named the defendants as trustees, and (3) increased their weekly com-

pensation to $750 per week, which would have entitled each plaintiff to $13,000 per year under the original agreement. The corporation declared no dividends, despite ample cash reserves. Commissions of approximately $30,000, and other petty cash expenditures were paid, and travel and entertainment costs were incurred without appropriate documentation, and one expert accountant deemed them to be too high. Moreover, he valued the corporation at $600,000.

The trial court concluded that, on the bases of a breach of the oral promoter's agreement entered into by the parties and of a breach of the defendants' fiduciary duty to the minority shareholders as majority shareholders, there was probable cause to continue the attachments. Accordingly, the court denied the motion to dissolve the attachments.

The applicable law concerning prejudgment remedies is contained in General Statutes §§ 52-278a through 52-278n. An ex parte attachment is an available remedy pursuant to General Statutes § 52-278e. Upon the granting of an ex parte attachment, the defendant is entitled to file a motion to modify or dissolve the attachment, at which time the court is directed "to hear and determine such motion expeditiously." At that hearing, the plaintiff has the burden of demonstrating that there is probable cause to sustain the validity of the claim. *Goodwin* v. *Pratt,* 10 Conn. App. 618, 620, 524 A.2d 1168 (1987). "The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984).

In *Goodwin* v. *Pratt,* supra, 620–21, this court reiterated what our Supreme Court in *Three S. Development Co.* v. *Santore,* supra, set forth as to the meaning of probable cause: " ' "The legal idea of probable cause

is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884). Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. *Texas* v. *Brown,* 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 584, 376 A.2d 60 (1977). The court's role in such a hearing is to determine probable success by weighing probabilities.' See also *Solomon* v. *Aberman,* 196 Conn. 359, 363, 493 A.2d 193 (1985); *Michael Papa Associates* v. *Julian,* 178 Conn. 446, 447, 423 A.2d 105 (1979); *Pero Building Co.* v. *Smith,* 6 Conn. App. 180, 182–83, 504 A.2d 524 (1980); *L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 406–407, 488 A.2d 1280 (1985)." In addition, the trier is entitled to draw reasonable inferences based on the facts proved. *Green* v. *Holy Trinity Church of God in Christ,* 16 Conn. App. 700, 703, 549 A.2d 281 (1988).

"Our review of the action taken by the trial court with regard to prejudgment remedies is 'very circumscribed. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable.' " *Goodwin* v. *Pratt,* supra, 621. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of

the witnesses." *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977).

Keeping in mind this limited standard, we turn to the defendants' claim that the trial court erred in finding probable cause to support personal liability of the individual defendants on the basis of breach of fiduciary duty or breach of a promoter's agreement.

Authority exists in this state for officers, directors, and majority shareholders to be held personally liable for breach of fiduciary duty when evidence shows a misappropriation of corporate funds for personal benefit and subsequent fraudulent concealment. See *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 407–409, 456 A.2d 325 (1983). As our Supreme Court has stated, " '[t]hou shall not steal' is basic. Not only the theft, but also [the] failure to disclose it [are] violations of the trust imposed upon him in that capacity. 'An officer and director occupies a fiduciary relationship to the corporation and its stockholders.' *Katz Corporation* v. *T. H. Candy & Co.,* 168 Conn. 201, 207, 362 A.2d 978 (1975)." *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* supra, 407. "If the controlling majority stockholder seeks to injure the minority stockholder through the means of looting the corporation or so wrecking it that the minority stockholder would get nothing out of his assets, the claim resulting therefrom is sufficient to constitute an individual action. *Davis* v. *United States Gypsum Co.,* 451 F.2d 659, 662 (3d Cir. 1971)." *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 282 n.9, 422 A.2d 311 (1979).

In a more recent decision, this court upheld a judgment in favor of the plaintiff who alleged that the defendant, an officer and director of a corporation, violated the trust and confidence conferred upon him in this capacity, committed fraud, and fraudulently concealed his acts by preventing the plaintiff from gain-

ing access to books and records. *Henry* v. *Klein,* 15 Conn. App. 496, 499, 545 A.2d 575 (1988).

The evidence presented concerning unaccounted petty cash expenditures, unaccounted commissions, failure to distribute weekly compensation to the plaintiffs, and increases in the defendants' compensation, taken together with the loss of access to financial information about the corporation, constitute a reasonable basis for the finding of probable cause based on a breach of fiduciary duty for which the individual defendants can be held personally liable.

The defendants correctly argue that only rarely should the corporate veil be pierced. The rare and acceptable legal basis for this piercing occurs when there is a sufficient basis for a claim of breach of fiduciary duty based on fraudulent acts of individuals who occupy a fiduciary relationship. See *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 559, 447 A.2d 406 (1982); *Zaist* v. *Olson,* 154 Conn. 563, 573–74, 227 A.2d 552 (1967). Whether the plaintiffs, in a trial on the merits, will prevail on the issue of breach of fiduciary duty is not now before us. The plaintiffs presented sufficient evidence, however, for us to conclude that the trial court did not err in finding probable cause to hold the individual defendants personally liable and, accordingly, there is no reason to address the defendants' second claim of error based on breach of an oral promoter's agreement.

This, however, does not end the inquiry because we still must determine whether the dollar amount of the prejudgment remedy order entered by the trial court was proper. See *Solomon* v. *Aberman,* supra, 379. The plaintiff must establish the probable amount of damages involved. *Mullai* v. *Mullai,* 1 Conn. App. 93, 94, 468 A.2d 1240 (1983).

The remedy of attaching and securing a defendant's property to satisfy a potential judgment in favor of the plaintiff is unknown to the common law and is a purely statutory vehicle. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra, 582. Section 52-278e provides that the prejudgment remedy granted shall remain in effect if the court determines at the hearing that there is probable cause to sustain the plaintiff's claim. Id.

The defendants are correct in their assertion that the plaintiffs' affidavit was defective in seeking the individual attachments in an amount based on the plaintiffs' ownership in the corporation. See *Davis* v. *United States Gypsum Co.,* supra. That defective affidavit, however, was not fatal. Even if a court erred in granting an ex parte real estate attachment because of a defective affidavit, the plaintiff may still prove probable cause at a hearing to dissolve or modify the attachment. *Lengyel & Lengyel Builders, Inc.* v. *Hill,* 1 Conn. App. 349, 351, 471 A.2d 975 (1984); accord *Glanz* v. *Testa,* 200 Conn. 406, 408, 511 A.2d 341 (1986). At the hearing, the plaintiffs presented uncontroverted evidence of specific amounts of individual injury they sustained as shareholders.[4] "In such a case, the plaintiff-shareholder sustains a loss separate and distinct from that of the corporation, or from that of other shareholders, and thus has the right to redress in a personal capacity for a wrong done to him individually." *Yanow* v. *Teal Industries, Inc.,* supra, 282.

Because the plaintiffs may recover individually in an amount similar to the amount of the attachments, the

---

[4] The evidence included (1) denial of weekly compensation that totaled $13,000 each per annum, (2) denial of pension profits, (3) denial of additional bonuses, and (4) denial of access to the corporation's records. See 13 Fletcher, Corporations (1970 Rev.) §§ 5913–15, 5921–22, for types of actions that permit recovery by individuals.

amount of the prejudgment remedy is not in clear error under all the circumstances. See *Solomon* v. *Aberman,* supra, 381.

There is no error.

In this opinion the other judges concurred.