MORAN, SHUSTER, CARIGNAN AND KNIERIM *v.*
ROBERT B. AUGUST
(15116)

CALLAHAN, BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued March 23—decision released May 2, 1995

*Henry C. Ide,* for the appellant (defendant).

*Walter R. Hampton, Jr.,* with whom was *Andrea M. Melanson,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, Moran, Shuster, Carignan and Knierim, is a general partnership engaged in the practice of law with its principal office located in Avon. The plaintiff is the successor to the firm of August, Moran, Lazorick and Shuster. The defendant, Robert B. August, was a partner in the plaintiff until March 20, 1991, when he withdrew from the partnership. Pursuant to a written partnership agreement, each partner in the firm had a capital account that he was obligated to maintain in the amount of $10,000. As of the date of the defendant's withdrawal from the firm, his capital account had a negative balance of $46,699.07. After the defendant's withdrawal, despite repeated demands by the plaintiff, the defendant failed and refused to repay his capital account.

The plaintiff commenced this action in the trial court alleging, inter alia, breach of the partnership agreement, unjust enrichment and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq. The defendant denied the plaintiff's allegations and counterclaimed seeking, inter alia, compensation pursuant to the partnership agreement. The trial court determined that the defendant had "failed to repay his negative capital account pursuant to the terms of the [partnership] agreement" and that the defendant's negative capital account was an account receivable of the partnership. It thereafter found in the plaintiff's favor on all counts of its complaint except the CUTPA count, on which it found for the defendant. As to the counterclaim, the trial court found that the defendant was entitled to compensation of $2400 pursuant to the partnership agreement. The court, therefore, rendered judgment for the plaintiff in the amount of $44,299.07. The defendant appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

After examining the record on appeal and considering the briefs and arguments of the parties, we conclude that the judgment of the trial court must be affirmed. The facts found by the trial court had a foundation in the evidence and were not clearly erroneous; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980); and the legal issues raised by the defendant on appeal were resolved properly in the thoughtful and comprehensive memorandum of decision of the trial court. *Moran, Shuster, Carignan & Knierim* v. *August*, 43 Conn. Sup. 431, 657 A.2d 736 (1994).[1] It would serve no useful purpose for us to repeat the discussion contained in the trial court's memorandum. *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 380–81, 650 A.2d 540 (1994); *Van Dyck Printing Co.* v. *DiNicola*, 231 Conn. 272, 274, 648 A.2d 877 (1994).

The judgment is affirmed.

---

[1] The plaintiff did not appeal the trial court's denial of its CUTPA claim. The plaintiff's CUTPA claim, therefore, is not before us and we express no opinion with regard to the trial court's resolution of that claim.