[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#106)
First Count. Granted. While these defendants may have been guilty of a breach of fiduciary duty as officers and directors of the corporation they can only be held personally liable if their misconduct is based on a fraudulent act. Banks v. Vito.19 Conn. App. 256, 263 (1989).
Fraud is defined in Ballentine's Law Dictionary 3rd Ed. at 496 (1969) as "deceit, deception, artifice, or trickery operating prejudicially on the rights of another, and so intended by inducing another to part with property or surrender some legal right." Not only is this count absent any such allegations but it does not even contain the term "fraud" or "fraudulent". On the other hand, a mere allegation of fraud without supporting issuable facts is inadequate.
Second Count. Denied. Unlike the first count this count alleges that the individual defendants entered into an agreement in their personal capacities and not as corporate officers or directors.
Third Count. Granted. This count is absent allegations which are essential to take the plaintiff's case out of the general rule that requires that the plaintiff must have had a contractual commitment under which his employment could be terminated without just cause. Reynolds v. Chrysler First Commercial Corporation,40 Conn. App. 725, 730 (1996).
Fourth Count. Denied. The plaintiff has pleaded sufficient facts to satisfy the "wilful, malicious, oppressive" elements of the tort of tortious interference. Holler v. Buckley Broadcasting,Corp., 47 Conn. App. 764, 769 (1998).
Fifth Count. Granted. While reasonable persons could differ over whether each of the claimed acts of misconduct were "outrageous", the plaintiff has failed to allege anything but a conclusion that he suffered "severe emotional distress" Westport Bank Trust Co.v. Corcoran, Mallin and Aresco, 221 Conn. 490, 495 (1992).
Sixth Count. Denied. The allegations are sufficient to enable a trier of fact to find that the defendants conduct was unreasonable.
Seventh Count. Denied. With respect to those counts which have not been stricken, the plaintiff has pleaded legally sufficient causes of action against the individuals who, as officers and directors, are presumed to be acting on behalf of the corporate CT Page 3785 defendants with whom they are associated.
Eighth Count. Denied. All that is required under § 33-896(a) for corporate dissolution is an allegation that those in control of the corporation have acted illegally.
THE COURT,
Mottolese, Judge