[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS APPLICATION FOR PREJUDGMENT REMEDY (#104)
On July 7, 1999, the plaintiff, Richard Matza, filed an application for prejudgment remedy against the defendant, Paul West. According to the application, there is probable cause that a judgment in the amount, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in the plaintiff's favor and therefore the court should grant a prejudgment remedy to secure the anticipated judgment of $285,000. Specifically, the plaintiff seeks to attach sufficient personal and real property of the defendant, in particular, stock owned by the defendant in Motors Group, Inc. and West Chevrolet and to further garnish the ownership interest held by the CT Page 2626 defendant in Motors Group Associates, Limited Partnership.
The two count proposed complaint alleges a claim for contribution (count one) and seeks relief for unjust enrichment (count two). The complaint alleges that the plaintiff and the defendant were partners in two partnerships known as the Southwest Professional Partnership (Southwest) and Professional Properties Associates (Professional). The proposed complaint further alleges that on August 7, 1986, the plaintiff, the defendant and Professional entered into a loan agreement with Citytrust in the principal sum of $550,000. The plaintiff further alleges that on November 7, 1986, the plaintiff, the defendant, Southwest, William Riebe (a partner in Southwest) and Richard Fonte (another partner in Southwest) entered into a loan agreement with Citytrust in the principal sum of $350,000.
The proposed complaint alleges, that the debtors, including the plaintiff, the defendant Southwest, Professional, Riebe and Fonte failed and neglected to pay the installment of principal and interest which became due under the terms of the notes. The plaintiff alleges the notes were assigned to National Loan Investors, L.P. (National), by virtue of an assignment from Citytrust. The complaint further alleges that "[National] obtained a judgment against Richard Matza and Paul West in the amount of $465,290.06 on the $350,000 Note."[1] Further, that the plaintiff settled the claim on the $550,000 note for $139,709.94.
The proposed complaint alleges that on August 8, 1996, National garnished the plaintiff to the sum of $605,000. Further, that the plaintiff paid the outstanding judgment on the $350,000 note and the $550,000 note to National. The proposed complaint further alleges that Southwest, Riebe and Fonte were discharged in bankruptcy. In count one, the plaintiff claims that to the extent that he paid the judgment of debt for the partnership, the defendant, as a partner of the partnerships, is liable to the plaintiff for his equitable contribution under General Statutes § 34-339 (b)(2). Count two of the proposed complaint fully incorporates the above allegations and sets forth a claim in unjust enrichment.
The prejudgment remedy hearing was initially scheduled for July 26, 1999, however, the hearing has in fact never been heard or otherwise adjudicated. On July 26, 1999, Holzberg, J., ordered that "the parties shall exchange offers of proof and claims for CT Page 2627 relief by August 9, 1999; the defendant agrees not to transfer any assets until a hearing to be scheduled through the caseflow office; Dr. Matza is discharged for today, although the subpoena shall remain in effect."
On August 18, 1999, the defendant filed the present motion to dismiss the application for prejudgment remedy. The defendant's motion argues that the prejudgment remedy is fatally flawed under the law and fact, that prior litigation shows that the defendant settled and stipulated to a judgment prior to the plaintiff's settlement, that the application by the plaintiff is therefore defective and fails to give the defendant notice of any genuine claim against him and accordingly that the application for prejudgment remedy should be dismissed. On October 5, 1999, the plaintiff filed a timely objection to the defendant's motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffs cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31.
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, . . . the CT Page 2628 motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Crystal, 251 Conn. 748,763, ___ A.2d ___ (1999). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik,244 Conn. 781, 787, 712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C. S. BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
Although not expressly raised in the present motion to dismiss, the defendant essentially raises the issues of res judicata or collateral estoppel by arguing that this court should take judicial notice that his obligations under the notes were fully satisfied in a prior litigation by stipulation to judgment. "Res judicata does not implicate the court's subject matter jurisdiction." Rosenfeld v. McCann, 33 Conn. App. 760, 762,638 A.2d 631 (1994). Further, collateral estoppel arises "when an issue is actually litigated and determined by a valid final judgment, and that determination is essential to the judgment."Walsh v. Stonington Water Pollution Control Authority,250 Conn. 443, 460-61, ___ A.2d ___ (1999). The memorandum decision of the prior litigation appended to the defendant's motion only addresses liability on the $350,000 note and not the issues of partnership contribution and accounting. See Federal DepositInsurance v. West, supra, Superior Court, Docket No. 115797.
In August v. Moran, 50 Conn. App. 202, 717 A.2d 807 (1998), the court concluded that the issue of an accounting in the dissolution of a law partnership was "neither actually litigated nor necessarily determined in the prior action." Id. 208. Accordingly, collateral estoppel, or issue preclusion does not apply . . . to bar August's claim requesting an accounting of his CT Page 2629 partnership interest . . . ." Id.
Further, even if res judicata or collateral estoppel applied in this case, the doctrines "must be raised as a special defense and may not be raised in a motion to dismiss." Rosenfeld v. McCann, supra, 32 Conn. App. 762.
The defendant argues that the application for prejudgment remedy is fatally flawed on both the law and on the facts. The defendant argues that the record of the prior litigation on which this application is based shows that the defendant settled and stipulated to a judgment prior to the plaintiff's settlement. The defendant argues that "once the correct facts of this case are presented, it is clear that [the defendant] settled his obligations and satisfied the judgments against him and that the pending application fails to state a claim for contribution."
The plaintiff argues that no satisfaction of judgment has been entered against the defendant. The plaintiff further argues that the defendant is attempting to test the merits of the plaintiff's claims in a motion to dismiss and therefore the defendant has failed to set forth any basis upon which the motion to dismiss can be granted. The plaintiff argues the only statutory authorization to dismiss a prejudgment remedy is General Statutes § 52-278j, which provides that a court can dismiss a prejudgment remedy for failing to return it to court once granted.
"The remedy of attaching and securing a defendant's property to satisfy a judgment which the plaintiff may recover is unknown to the common law and is founded on and regulated by our statutory law. . . . It follows that a party seeking an attachment must comply with the requirements of the statutes allowing such attachment as may be sought. Ledgebrook Condominium Assn., Inc.v. Lusk Corp. , 172 Conn. 577, 582, 376 A.2d 60 (1977)." (Citations omitted; internal quotation marks omitted.) Lauf v.James, 33 Conn. App. 223, 227, 635 A.2d 300 (1993). General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or equity . . . unless he has complied with the provisions of sections 52-278a to52-278g, inclusive . . . ." "Except in certain instances not applicable to this case, one of the prerequisites to the granting of such remedy is that the plaintiff or some competent person sign an affidavit stating facts sufficient to establish probable cause that judgment will be rendered in the matter in favor of CT Page 2630 the plaintiff. General Statutes § 52-278c (A)(b)." Lauf v.James, supra 33 Conn. App. 227-28.
A prejudgment remedy can be issued by the court only, with few exceptions; see General Statutes § 52-278e and §52-278f,[2] after a court hearing is conducted according to the requirements of due process. See Calfee v. Usman, 224 Conn. 29,33-34, 616 A.2d 250 (1992); see also Sassone v. Lapore,226 Conn. 773, 781, 629, A.2d 357 (1993) (concluding that a judicial finding of probable cause in a tort action, after an adversarial hearing pursuant to § 52-278d, provides constitutionally significant protection against an erroneous depravation of the owner's property interests).
"Section 52-278d of the General Statutes requires that the hearing be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. Because [t]he adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action . . . the plaintiff need not establish by a preponderance of the evidence the final merit of his claim, but only its probable validity." (Citations omitted; internal quotation marks omitted.) Augeri v. C. F. Wooding Co.,173 Conn. 426, 428, 378 A.2d 538 (1977). "[T]he trial court . . . must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." Nash v. Weed Duryea Co., 236 Conn. 746, 749,674 A.2d 849 (1996). "The legal idea of probable cause is a bona fide
belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Emphasis in original; internal quotation marks omitted.)New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." Id.
The court in making its determination of probable cause does so on the basis of the facts before it. Included in those facts are those contained in the affidavit required by General Statutes § 52-278c. See Lauf v. James, supra, 33 Conn. App. 223. If the affidavit attached to the prejudgment remedy application states that the affiant believes it is probable that a stated sum CT Page 2631 may be recovered upon trial, and that statement is uncontroverted, and such belief is founded on reasonable subordinate facts, this will ordinarily be sufficient to support probable cause for an attachment. See Three S. Development Co. v.Santore, 193 Conn. 174, 175, 440 A.2d 790 (1984); McCahill v.Town and Country Associates, 185 Conn. 37, 39, 440 A.2d 801
(1981); Ledgebrook Condominium Assn., Inc. v. Lusk Corp, supra,172 Conn. 585. A plaintiff may also establish the probable amount of damages through testimony at the probable cause hearing or by documentary proof. See Mulla v. Mulla, 1 Conn. App. 93, 94,468 A.2d 1240 (1983). Defects in the affidavit can be corrected by supplementary oral testimony produced at the hearing. SeeSelf-Service Sales Core v. Heinz, 1 Conn. App. 188, 192,470 A.2d 701 (1984); Lengyel Lengyel Builders, Inc. v. Hill,1 Conn. App. 49, 51, 471 A.2d 975 (1984).
In Self-Service Sales Corp. v. Heinz, supra, 1 Conn. App. 188, the court held that an affidavit need not stand alone in determining probable cause for a prejudgment attachment. "A prejudgment remedy is available to an applicant if a judge determines that there is sufficient probable cause. . . . This is the first hurdle which must be met if a prejudgment remedy is to be granted, whether after a hearing or exparte. . . . It is however, the hearing, required under § 52-278c . . . that decides the issue." Id. The court held, "[t]he affidavit need not stand alone in determining probable cause. It merely invokes the statutory mechanism. If this were not so, there would be no reason to provide a hearing. The statute could, if the legislature so desired, provide that the hearing should be limited to determining the sufficiency of the affidavit alone." Id. Further, the court in Banks v. Vito, 19 Conn. App. 256,562 A.2d 71 (1989), held that a defective affidavit in a prejudgment remedy attachment was not fatal. Id., 264. "Even if a court erred in granting an ex parte real estate attachment because of a defective affidavit, the plaintiff may still prove probable cause at a hearing to dissolve or modify the attachment." Id., accordGlanz v. Testa, 200 Conn. 406, 408, 511 A.2d 341 (1986).
Clearly, a properly executed affidavit supporting an application for prejudgment remedy lacking sufficient facts to show probable cause does not deprive this court of subject matter jurisdiction, where the plaintiff has complied with the requirements of General Statutes § 52-278c in submitting its prejudgment remedy application. Moreover, the plaintiff's application is not defective because, although the affidavit CT Page 2632 incorrectly states the outcome of a prior judgment, defects in the affidavit can be corrected by supplementary oral testimony produced at the probable cause hearing. Under the holdings ofSelf-Service Sales Corp. v. Heinz, supra, 1 Conn. App. 188, andBanks v. Vito, supra, 19 Conn. App. 256, the plaintiff may prove probable cause at a hearing to sustain the validity of the prejudgment remedy application.
"It is clear that a `hearing' must allow the defendant an opportunity to present evidence in opposition to the plaintiff's motion for prejudgment remedy)." Soltesz v. Miller,56 Conn. App. 194, 116, ___ A.2d ___ (1999). "It seems equally obvious that a plaintiff is entitled to a hearing to establish what is required under the statute. Failure to furnish the opportunity for such a hearing for either party is a procedural flaw requiring remand." Id. Due process considerations require a probable cause hearing on the issue of whether the plaintiff is entitled to contribution for partnership debts. Accordingly, the defendant's motion to dismiss the prejudgment remedy application is denied.
Thomas G. West, J.