[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
I FACTUAL BACKGROUND
The plaintiff, a former member of the defendant law firm, brought this action in four counts alleging vexatious litigation, fraudulent misrepresentation and violations of the Connecticut Unfair Trade Practices Act (CUTPA). In his third count, he alleges CUTPA violations by the law firm due to an employment contract that existed between it and another former employee, Walter Scanlon. He claims that the defendants, based on this contract, caused the law firm's liabilities to be understated. The defendant law firm and the individual lawyers have filed a motion to strike, alleging that the CUTPA count is directed against internal law firm dealings. Such dealings, they claim, were not in connection with "trade or commerce," as required by CUTPA, General Statutes § 42-110a. They have also moved to strike the claim for punitive damages in the plaintiff's prayer for relief.
II LEGAL STANDARD
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The motion admits well-pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980), see also NovametrixCT Page 16994Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleadings at issue. King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,134-35, 492 A.2d 546, cert. dismissed, 197 Conn. 801, 495 A.2d 280
(1985). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
III DISCUSSION
The issues raised by this motion to strike is whether the actions alleged to have been taken by the defendants are within "trade or commerce," as that is defined by the statute. General Statutes §42-110g (a) provides in part:
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action. . . . Proof of public interest . . . shall not be required. . . ." General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
CUTPA defines trade or commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
Our Supreme Court has stated in Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 725-27 627 A.2d 374 (1993):
 "[A]lthough [p]rivate litigation under this act is essential . . . it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce. CT Page 16995 Although privity, in the traditional contractual sense of an exchange of consideration between parties, inky no longer be essential for standing under CUTPA, a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her. CUTPA was, after all, enacted by the legislature to put Connecticut in the forefront of state consumer protection "(Emphasis added; internal quotation marks omitted.)
 Jackson is not directly on point as it concerned claims against an attorney by an aggrieved party. Nonetheless, there are Superior Court cases on point which find that attorney-partnership disputes are outside the scope of the CUTPA legislation. In Chester v. Schatz Schatz,Ribicoff Kotkin, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 447376 (June 3, 1992, O'Neill, J.), the court found that an attorney-partnership dispute was akin to an employer-employee relationship, which is clearly outside the scope of CUTPA. The court stated that the "internal strife of a partnership . . . does not arise in trade or commerce and does not cause substantial demonstrable injury to consumers, competitors or other businessmen. Id., 527. "The dispute between the defendant and his former partners is simply not a consumer transaction; it is, in fact, a litigation arising out of the internal workings of a partnership." Moran, Schuster, Carignan, andKnierim v. August, 43 Conn. Sup. 431, 657 A.2d 736 (1994), aff'd.,232 Conn. 756, 657 A.2d 229 (1995).
Our Appellate court in Quimby v. Kimberly-Clark Corp., 28 Conn. App. 660,613 A.2d 838 (1992), relying on the United States District Court inBanerjee v. Roberts, 641 F. Sup. 1093 (D.Conn. 1986), held that the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA. TheBanerjee court noted that "[a]lthough an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA." (Internal quotation marks omitted.) Id., 1108, citing Manning v.Zuckerman, 388 Mass. 8, 13, 444 N.E.2d 1262 (1983) (construing similar Massachusetts statute); see also Collins v. Gulf Oil Corporation,605 F. Sup. 1519, 1523 (D.Conn. 1985). Quimby v. Kimberly Clark Corp.,
supra, 28 Conn. App. 670.
In the case at bar, there is nothing alleged that would bring these facts outside of a characterization of internal partnership or law firm dealings or an employee-employer relationship. The court cannot find that this is within the definition of trade or commerce, as the statute defines that phrase, since there are no consumers or customers of any CT Page 16996 service involved in these complained-of transactions.
Despite the fact that it is hard to imagine any manner in which the strife within this law firm was "trade or commerce," the plaintiff asserts that he has alleged acts that go beyond the internal workings of the partnership. He argues that the defendants in this suit cited him as a party defendant in the Scanlon lawsuit, in retaliation for his deposition testimony in that suit. This fact, he asserts, brings his claim within the protection of CUTPA. The court is not persuaded. The ambit of the partnership dispute, the court finds, is not so narrowly defined as to exclude the underlying lawsuit with the other former employee, whose contract this plaintiff, another former employee, alleges caused the liabilities of the law firm to be understated. Such arguments raise form over substance to new heights. The court finds that the allegations of count three are legally deficient and therefore grants the motion to strike that count.
Turning now to the ancillary claim that the request for punitive damages in the prayer for relief be stricken, the court denies that portion of motion to strike. If the only cause of action supporting this claim for punitive damages in the prayer for relief were the CUTPA violations alleged, then it would follow that the prayer must also be stricken. Nonetheless, because the plaintiffs count for fraudulent misrepresentation still stands and such damages are legally available under this count, should he prevail on this claim, the court denies this portion of the motion to strike.
BY THE COURT
BARBARA M. QUINN, Judge