MARTIN ROSENFELD ET AL. *v.* DANIEL McCANN
(11820)

DUPONT, C. J., FOTI, LAVERY, LANDAU and SCHALLER, Js.

Considered February 3—decision released March 22, 1994

*Martin Rosenfeld,* pro se, the named plaintiff, in support of the motion.

PER CURIAM. The plaintiffs in this appeal have filed a motion to reconsider the taxation of costs by the office of the chief clerk of the Appellate Court. The dispositive issue is whether the taxation of costs is proper where an appeal has been disposed of by affirming the trial court's application of the doctrine of res judicata. We conclude that the taxation of costs is proper under such circumstances, and, thus, deny the plaintiffs' motion to reconsider.

The procedural history of this case is not in dispute. In 1991, the pro se plaintiffs, Martin and Karen Rosenfeld, brought a small claims action against the defendant, Daniel McCann. The plaintiffs sought to recover damages for alleged fraudulent nondisclosure in connection with the sale of a motor vehicle by the defendant to them. On December 16, 1991, judgment was rendered in favor of the defendant.

The plaintiffs brought a second small claims action on December 30, 1991, based on admissions of fraud allegedly made by the defendant at the hearing of the initial small claims action. On January 16, 1992, the defendant's motion to transfer the case from the small claims docket to the regular civil docket of the Superior Court was granted. Thereafter, on February 26, 1992, the defendant and the plaintiffs both filed motions for summary judgment. The defendant's motion alleged that the doctrine of res judicata barred the plaintiffs' claim. In a memorandum of decision filed on October 5, 1992, the trial court granted the defendant's motion, denied the plaintiffs' motion, and rendered judgment for the defendant with costs.

The plaintiffs appealed from the judgment on October 21, 1992. This court affirmed the trial court judgment. *Rosenfeld* v. *McCann*, 31 Conn. App. 938, 626 A.2d 1346 (1993). The defendant filed a bill of costs on October 22, 1993, which the plaintiffs opposed. On October 27, 1993, the office of the chief clerk of the Appel-

late Court ordered the taxation of costs pursuant to the defendant's bill of costs. In response, on November 4, 1993, the plaintiffs filed a motion to reconsider the taxation of costs under Practice Book § 4119.[1]

In their motion to reconsider, the plaintiffs contend that the trial court's ruling that the doctrine of res judicata barred their claim was, in effect, a finding that the court lacked jurisdiction to hear the merits of the case, and that no costs may be taxed when that is the case. The plaintiffs properly contend that, where a matter is dismissed for lack of jurisdiction, costs should not be taxed. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 424, 426 A.2d 1324 (1980). They are incorrect in their claim, however, that their action was dismissed for lack of jurisdiction.

Res judicata does not implicate a court's subject matter jurisdiction. The doctrine is invoked when a litigant alleges that a party is reasserting a claim that has already been decided on the merits. The doctrine must be raised as a special defense and may not be raised by a motion to dismiss, which is the appropriate vehicle to assert a lack of jurisdiction. *Zizka* v. *Water Pollution Control Authority,* 195 Conn. 682, 686–87, 490 A.2d 509 (1985).

In this case, the barring of the plaintiffs' second action by res judicata is not equivalent to a dismissal for lack of jurisdiction. Id. The court had jurisdiction over the case. The issues raised, however, had already been decided in the previous small claims action. Therefore, taxation of costs by the clerk was proper. See *Connecticut Light & Power Co.* v. *Costle,* supra.

The plaintiffs' motion to reconsider the taxation of costs is denied.

---

[1] Practice Book § 4119 provides in relevant part that "[a]ny party may within ten days after the issuance of the decision on the taxation of costs file a written motion . . . that the court review the clerk's taxation of costs under its judgment. . . ."