[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4017
The plaintiff, Vanco Trading, Inc. (Vanco), filed a complaint in two counts against the defendants, Irwin Kamen and Marlene Rybnick. The first count of the complaint alleges that on or about October 20, 1992, Kamen contacted Vanco to order a small load of glycerine product, at which time Kamen provided the names of three companies in response to Vanco's request for credit references. In reliance upon the references provided, Vanco sold and delivered chemical products to K Chemical Corp. (K Chemical), Kamen's company, for which there is an outstanding debt. Vanco alleges that it later learned that the companies that provided references to it were owned or controlled by either Kamen, his employees or friends, and that the recommendations supplied were false and misleading.
Vanco further alleges that it was contacted by Rybnick, an employee of Kamen's company, with regard to an additional order of product. Rybnick allegedly instructed Vanco to deliver the chemicals on October 29, 1992, for which there is a debt outstanding. Also on October 29, 1992, Kamen's company filed a voluntary Chapter 11 petition in United States Bankruptcy Court, for the district of Connecticut. Accordingly, Vanco alleges that: the timing of the second delivery was "keyed" to the bankruptcy petition so that the debt would be considered a pre-petition debt; the defendants defrauded Vanco; and that Vanco relied upon the representations of the defendants which were false and were made to induce Vanco to deliver chemical product to K Chemical, for which Vanco would never be paid.
In the second count of the complaint, Vanco further alleges that the defendants engaged in unfair and deceptive acts in violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
Kamen has now filed a motion (#103) to dismiss the complaint on the ground that the court lacks subject matter jurisdiction. Vanco filed an objection to the motion to dismiss, accompanied by an affidavit by its attorney Ellery Plotkin, and other documents.
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commissionon Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). "The motion to dismiss . . . admits all facts which are CT Page 4018 well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
Subject matter jurisdiction is "the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Castro v. Viera, 207 Conn. 420,427, 541 A.2d 216 (1988), quoting Henry F. Raab Connecticut, Inc.v. J.W. Fisher Co., 183 Conn. 108, 111-12, 438 A.2d 834 (1981). "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised." Sadloski v. Town ofManchester, 228 Conn. 79, 84, 634 A.2d 888 (1993). Every presumption should be made in favor of finding jurisdiction.LeConche v. Elligers, 215 Conn. 701, 709-10, 579 A.2d 1 (1990).
Kamen argues that the court lacks subject matter jurisdiction because a bankruptcy proceeding, In re K Chemical Corp., is currently pending in which Vanco has brought an identical action against K Chemical. Kamen argues that, as sole shareholder and president of K Chemical, he stands in privity with K Chemical in the bankruptcy proceeding, and therefore, that this pending action should have been brought as part of the bankruptcy proceeding. Kamen argues that Vanco's failure to bring this action as part of the bankruptcy proceeding bars this action, and therefore this action must be dismissed for lack of subject matter jurisdiction. In support of this proposition, Kamen relies upon Sure-Snap Corp.v. State Street Bank Trust Co., 948 F.2d 869 (2nd Cir. 1991).
In opposition to the motion, Vanco argues that the bankruptcy court reserved jurisdiction in In re K Chemical Corp., after the entry of order confirming the Chapter 11 plan on August 23, 1993, only over controversies concerning the classification or allowance of any claim, and that the claims of fraud and CUTPA against the defendants in this action do not involve a claim of priority. Vanco further argues that Sure-Snap Corp. v. State Street Bank Trust Co., involved the issue of res judicata, which does not concern the subject matter jurisdiction of the court, and accordingly is inapplicable.
In Sure-Snap Corp. v. State Street Bank Trust Co., supra, the court considered whether a debtor-borrower could bring an action in tort against lenders that had asserted claims in a bankruptcy proceeding, after the confirmation of the reorganization plan for the Chapter 11 debtor. Id. The court granted the lenders' motion for summary judgment on the ground that the order CT Page 4019 confirming the debtor's reorganization plan was entitled to res judicata effect because: the claims against the lenders could have been brought prior to the confirmation of a final reorganization plan; the lender liability claims and the financial claims in the bankruptcy proceeding were based upon, and arose out of, the same cause of action; and allowing the debtor a separate judgment on the merits of its lender liability claims would impair the reorganization plan. Id.
In fact, "[r]es judicata does not implicate a court's subject matter jurisdiction. The doctrine is invoked when a litigant alleges that a party is reasserting a claim that has already been decided on the merits. The doctrine must be raised as a special defense and may not be raised by a motion to dismiss, which is the appropriate vehicle to assert a lack of jurisdiction." Rosenfeldv. McCann, 33 Conn. App. 760, 762, 638 A.2d 631 (1994), citingZizka v. Water Pollution Control Authority, 195 Conn. 682, 686-87,490 A.2d 509 (1985).
Accordingly, the decision in Sure-Snap Corp. v. State StreetBank Trust Co., supra, did not address the subject matter jurisdiction of the court, and Kamen's reliance upon the case for support of his contention that this action should be dismissed for lack of subject matter jurisdiction is misplaced.
In any event, this court does not lack subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1334(a) (1993) "the district court shall have original and exclusive jurisdiction of all cases under title 11." Furthermore, 28 U.S.C. § 1334(b) (1993) provides that "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11." Cf. Wayne Film Systems v. Film Recovery Systems,64 B.R. 45 (N.D. Ill. 1986) (holding that the creditor's action, which attempted to extend the debtor corporation's liability to its officers, directors and shareholders on the ground that they were alter egos of the corporation, did not relate to the underlying bankruptcy case, and therefore, the court lacked subject matter jurisdiction over the action); In re Curtina International, 15 B.R. 993
(S.D.N.Y. 1981) (holding that the court lacked subject matter jurisdiction over the plaintiff's action seeking to pierce the corporate veil of the Chapter 7 debtor corporation and hold the individual officers personally liable because the action was a CT Page 4020 private controversy between third parties to the bankruptcy action, which did not relate to or affect the bankruptcy action.)
In the present action, Vanco is seeking to hold the individual defendants, Kamen and Rybnick, personally liable for their own alleged tortious acts. This action does not arise under Title 11, nor does it arise in or relate to the bankruptcy proceeding. See28 U.S.C. § 1334(a)-(b) (1993). Therefore, this action is not within the exclusive jurisdiction of the Bankruptcy Court, and Vanco was not required to assert this claim in the bankruptcy proceeding.
Accordingly, the defendant Kamen's motion to dismiss on the ground that this court lacks subject matter jurisdiction over this action is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of April, 1995.
WILLIAM BURKE LEWIS, JUDGE