[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #126
The plaintiff, James H. Lee, successor administrator of the estate of Lucille R. Palumbo, filed a one-count complaint against the defendants, Frank D. Palumbo, Peter Palumbo, Robert Palumbo, Claudia Rivera, Pamela Birmingham and People's Bank f/k/a CT Page 13003 People's Savings Bank — Bridgeport. The plaintiff alleges that when the decedent died, she owned property located at 4 Beaver Brook Lane, Fairfield, Connecticut with Frank Palumbo as tenants in common. The plaintiff also alleges that by order of the court in Palumbo v. Lee, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301615 (November 22, 1995, Moran, J.), affd, 44 Conn. App. 912, 688 A.2d 374 (1997), Frank Palumbo has no claim to the full interest of his alleged share as tenant in common with the decedent. The plaintiff further alleges that People's Bank has a mortgage on the property, and that the real estate is needed to satisfy the debts of the estate. The plaintiff seeks a partition or, in the alternative, the sale of the property.
On December 19, 1997, Frank Palumbo filed a counterclaim against the plaintiff, alleging that the plaintiff breached his fiduciary duties, and relied upon erroneous information in denying a claim made by Frank Palumbo. On March 24, 1998, Frank Palumbo filed a cross claim against Peter and Robert Palumbo for additional expenses due to the denial of Frank Palumbo's claims and s because the cross claim defendants have failed to pay their share of after-death taxes.
Before the court is the plaintiff's motion to dismiss Frank Palombo's counter claim and cross claim on the ground that each is a collateral attack on the prior judgment of the court. Frank Palumbo (the defendant) has filed a memorandum in opposition to the plaintiff's motion to dismiss. The matter was heard by the court on October 9, 1998.
"Res judicata does not implicate a court's subject matter jurisdiction. . . The doctrine must be raised as a special defense and may not be raised by a motion to dismiss, which is the appropriate vehicle to assert a lack of jurisdiction."Rosenfeld v. McCann, 33 Conn. App. 760, 762, 63 8 A.2d 631
(1994). "Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. . . It may not be raised by a motion to dismiss." (Citation omitted.) Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "[I]t is a special defense that is to be considered after any jurisdictional thresholds are passed." Labbe v. Pension Commission,229 Conn. 801, 816, 643 A.2d 1268 (1994). See also Valley View ConstructionCo., Inc. v. Sedotto, Superior Court, judicial district of CT Page 13004 Danbury at Danbury, Docket No. 318726 (July 12, 1995, Stodolink, J.) (it is inappropriate for the court to address the defenses of res judicata and collateral estoppel on a motion to dismiss);Kinney v. Connecticut Judicial Department, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 395815 (December 22, 1992, Walsh, J.) (motion to dismiss is not the proper vehicle for raising claims of res judicata and collateral estoppel).[1]
Nevertheless, the Appellate Court has on at least one occasion allowed a defendant to proceed with a collateral estoppel claim on a motion to dismiss. "Collateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense. . . There is, however, an exception to this general rule. The defendant's failure to file a special defense may be treated as waived where the plaintiff fails to make appropriate objection to the evidence and argument offered in support of that defense. . . We conclude that the failure to file a special defense here was waived because the plaintiff did not object to the dismissal on that ground, even after the defendants claimed that collateral estoppel required a dismissal." (Citations omitted.) Carnese v. Middleton, 27 Conn. App. 530,537, 608 A.2d 700 (1992).
Because the defendant did not object to the plaintiffs failure to file his res judicata and collateral estoppel claims as special defenses, the court may find that the defendant has waived the pleading requirement and the plaintiff may proceed with the motion to dismiss. However, it would be unfair for the court to apply the exception because the defendant is a pro se litigant. To do so would ignore the appellate court's holding that pro se parties should be given great latitude regarding procedural rules in order that justice may be done.Lawson v. Whitey's Frame Shop, 42 Conn. App. 599, 610,682 A.2d 1016 (1996), rev'd in part on other grounds,241 Conn. 678, 697 A.2d 1137 (1997).
The plaintiff s motion to dismiss is denied as the plaintiff may not assert lack of jurisdiction based on res judicata and collateral estoppel on a motion to dismiss.
BALLEN, J.