[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The defendant has filed a motion to dismiss an action filed by William Lawrence on the ground that the court lacks subject matter jurisdiction over this action. Lawrence seeks to establish a constructive trust to disgorge Nancy Coming, his sister, of the benefits of an allegedly unconscionable transaction between them, where Lawrence contracted to sell his portion of their mother's estate to his sister. An additional defendant is Judith Schmus, who is also the parties' sister and also the Executrix of the Estate.
The following facts are taken from the complaint. On March 18, 1996, the parties' mother, M. Louise Mancusi, died. Included in her estate was CT Page 15599 a piece of real estate that she devised to the parties as follows: 50 percent to Lawrence, 25 percent to Corning and 25 percent to Schmus. This parcel was "[t]he major asset of the estate," and is the only item of the will that is at issue in this action. Because of the delay in settling the estate and because Lawrence was not "significantly or continuously employed," Lawrence "found it necessary to rely on [Corning] . . . for financial support." Lawrence received advances from Coming for this support in exchange for his agreement to give her a portion of his share of the estate. Lawrence alleges that the sum of money he received in exchange for his interest in the estate was far less than the value of his share; that he and Coming shared a confidential relationship; that at the time he signed the documents conveying his share of the estate, he was unable to work and did not have the financial resources to provide himself with basic needs, such as food, shelter, medical care and safety; and that Corning took advantage of his situation.
The rationale behind Coming's motion to dismiss is that the present case is, in fact, an untimely appeal. Attached to her motion is a memorandum of decision, dated March 29, 2000, by the Probate Court for the District of Bethel, O'Grady, J., where the court determined that Lawrence transferred his share of the property to Corning. Lawrence appealed the Probate Court's decision to the Superior Court and the court, Radcliffe, J., dismissed the appeal as untimely. Lawrence v.Corning, Superior Court, judicial district of Danbury, Docket No. 339635 (docket item no. 102). Lawrence then filed a motion to reargue the dismissal of the earlier case.
The motion to dismiss the present case was heard at short calendar on September 18, 2000. Lawrence failed to respond to the motion to dismiss until that time.[1] Coming characterizes this lawsuit as a "veiled appeal"; (defendant's memorandum in support); and contends that Lawrence is attempting to circumvent the statutory requirement that probate appeals be brought within thirty days. General Statutes § 45a-187. Lawrence counters that this case is different from the initial case because he is seeking a different prayer for relief, i.e., the imposition of a constructive trust.
Without reaching the merits of the parties' arguments, the court finds that Corning's argument is, in fact, a res judicata or collateral estoppel claim. Res judicata and collateral estoppel should be raised as special defenses and are not proper grounds for a motion to dismiss. Labbev. Pension Commission, 229 Conn. 801, 816 (1994) ("[r]es judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed."); Carnese v. Middleton, 27 Conn. App. 530, 537 (1992) ("[c]ollateral estoppel, like res judicata, must be specifically pleaded CT Page 15600 by a defendant as an affirmative defense."). Further, res judicata and collateral estoppel do not implicate the court's subject matter jurisdiction. Rosenfeld v. McCann, 33 Conn. App. 760, 762 (1994); Matzav. West, Superior Court, judicial district of Waterbury, Docket No. 153851 (February 25, 2000, West, J.). Accordingly, Corning's motion to dismiss for lack of subject matter jurisdiction which, to reiterate, is in reality a res judicata claim, is denied.
The court notes that during oral argument at short calendar, Corning raised the prior pending action doctrine as an additional ground for dismissal. Corning argued that because Lawrence filed a motion to reargue the dismissal of the probate appeal, that action was still pending. On December 11, 2000, the court, Radcliffe, J., denied Lawrence's motion to reargue. Accordingly, the prior pending action doctrine is not a ground for granting Corning's motion to dismiss.
Because Corning does not premise her motion on a proper ground, her motion to dismiss is denied.
Moraghan, J.T.R.