[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 188)
This action arises out of the plaintiff's employment with defendant United Methodist Homes of Connecticut (United Methodist Homes) and her claim for workers' compensation benefits. In her revised complaint,[1]
the plaintiff. Linda Ayres, alleges the following facts. In 1989, United Methodist Homes hired the plaintiff as a staff LPN. Shortly thereafter, defendant Michael LaVelle, an attorney who represented the opposition in an unrelated case in which the plaintiff was involved, discovered that the plaintiff was working for United Methodist Homes. The plaintiff alleges that the president of United Methodist Homes then began pressuring other employees to terminate her employment. During this time, the plaintiff was injured at work while performing her duties as an LPN. The plaintiff alleges that United Methodist Homes' director of human resources misstated the nature of the plaintiff's injury in completing a workers' compensation first report of injury. The plaintiff was out of work for a short time pursuant to doctor's orders. She returned to work CT Page 3840 with a light duty order from the doctor, but her condition worsened and she was again required to stay out of work. The plaintiff alleges that United Methodist Homes then claimed that it did not have a light duty position for her and that on or about November 14, 1990, while she was on workers' compensation, United Methodist Homes terminated her employment. The plaintiff alleges that the defendant William Brown, among others, represented United Methodist Homes and defendant Connecticut hospital association workers' compensation trust (trust) in the workers' compensation case in which she was the claimant, United Methodist Homes was the employer and the trust was the insurer. The majority of her allegations pertain to the conduct of the defendants in connection with her claim for workers' compensation benefits.
In her twelve count revised complaint, the plaintiff asserts the following causes of action.[2] In count one, she claims that all the defendants interfered with her claim for workers' compensation benefits and prevented her from receiving all the benefits due to her. In count two, she claims that various defendants, not including Brown, intentionally interfered with her employment with United Methodist Homes. In count three, she claims that all the defendants intentionally inflicted emotional distress on her. In count four, she claims that various defendants, including Brown, misrepresented the nature of her injuries to the workers' compensation commission. In count five, she claims that various defendants, including Brown, defamed her by communicating untrue information about her professional abilities. In count six, she claims that Michael LaVelle deliberately and maliciously communicated false information about her. In count seven, she claims that another defendant physically assaulted her.[3] In count eight, she claims that other defendants sexually harassed her. In count nine, she claims that the trust and its agents breached the covenant of good faith and fair dealing in their dealings with her regarding her workers' compensation claim. In count ten, she claims that the trust and its agents violated General Statutes § 31-325.[4] In count eleven, she claims that another defendant violated General Statutes § 31-325.[5]
In count twelve, she claims that various defendants, not including Brown, violated General Statutes § 31-290a.[6]
On August 28, 2000, Brown filed a motion to dismiss the entire complaint on the ground that it is barred pursuant to the doctrine of res judicata. Brown previously filed a memorandum in support of the motion on May 18, 2000. He argues therein that the doctrine of res judicata applies because the plaintiff has already litigated her claims in the context of her claims before the workers' compensation commission and her claim before the commission on human rights and opportunities. On September 1, 2000, the plaintiff filed an objection to the motion on the ground, inter alia, that res judicata does not apply because a judgment has not been CT Page 3841 entered on the facts before the court.[7] The court entertained oral argument on November 27, 2000.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). Pursuant to Practice Book § 10-31, "[t]he grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. . . . Res judicata is not included among the permissible grounds on which to base a motion to dismiss."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). Res judicata "may not be raised by a motion to dismiss." Id. "Res judicata does not implicate a court's subject matter jurisdiction. . . . The doctrine must be raised as a special defense[8]
and may not be raised by a motion to dismiss, which is the appropriate vehicle to assert a lack of jurisdiction." Rosenfeld v. McCann,33 Conn. App. 760, 762, 638 A.2d 631 (1994).[9]
The Appellate Court has recognized two exceptions to "the general rule" that collateral estoppel and res judicata "must be specifically pleaded by a defendant as an affirmative defense." Camese v. Middleton,27 Conn. App. 530, 537, 608 A.2d 700 (1992); see also Tucker v. PaceInvestment Associates, 32 Conn. App. 384, 391, 629 A.2d 470, cert. denied, 228 Conn. 906, 634 A.2d 299 (1993), cert. denied, 510 U.S. 1196,114 S.Ct. 1305, 127 L.Ed.2d 657 (1994). Pursuant to the first exception, "[t]he defendants' failure to file a special defense may be treated as waived where the plaintiff . . . did not object to dismissal on that ground, even after the defendants claimed that collateral estoppel required a dismissal." (Citations omitted.) Carnese v. Middleton, supra,27 Conn. App. 537; see also S.A. Candelora Enterprises Inc. v. Weir,
Superior Court, judicial district of New Haven at New Haven, Docket No. 401899 (November 20, 1998, Moran, J.) (in summary judgment context, court found requirement that res judicata must be pleaded as affirmative defense waived due to plaintiff's failure to object). Pursuant to the second exception, the "general rule . . . yields when . . . the circumstances reveal that a [failure to consider the issue] would simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road." (Internal quotation marks omitted.) Tucker v. PaceInvestment Associates, supra, 32 Conn. App. 391. In such cases, the Appellate Court may "invoke the doctrine of res judicata sua sponte to effectuate the public policy that justifies the doctrine's operation — to promote judicial economy and to avoid inconsistent judgments." Id., 392. CT Page 3842
In this case, although the plaintiff objects to the defendant's motion on the basis that the doctrine of res judicata does not bar her action, she does not specifically contend that the doctrine cannot be raised by a motion to dismiss and must be raised as a special defense. Pursuant to the first exception, the court finds that the plaintiff waived the pleading requirement and will consider the defendant's motion to dismiss. The court will also consider the motion pursuant to the second exception. Moreover, in this case, the court has previously considered the doctrine of res judicata when it was raised in motions to dismiss filed by other defendants.[10] Therefore, the court shall consider the defendant's motion to dismiss.[11]
As noted, this court has previously addressed the issue of res judicata in this case. In one instance, the court did so in the same context that Brown raises in his motion to dismiss, i.e., that res judicata bars the plaintiff's action because she has already litigated her claims in the context of her workers' compensation claims and her claim before the commission on human rights and opportunities. Specifically, on April 6, 2000, defendants Diane Ritucci, John M. Letizia, and Andrew A. Cohen filed a motion to dismiss pursuant to the doctrine of res judicata (#125). The arguments raised in the memorandum of law (#126) and the exhibits these defendants filed in support of their motion are essentially identical to those upon which Brown relies. On September 18, 2000, the court, Skolnick, J., denied the motion with the notation: "As prior compensation and/or CHRO decisions do not satisfy the prior action requirement for res judicata to apply." This ruling is the law of the case on the issue Brown raises in his motion.
According to the law of the case, "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) Carothers v. Capozziello, 215 Conn. 82,107, 574 A.2d 1268 (1990). The court's prior ruling that the decisions in the plaintiff's workers' compensation cases and her claims before the commission on human rights and opportunities do not satisfy the elements of res judicata is correct. Moreover, Brown has not presented the court with any new or overriding circumstances that would compel the court to decide the issue differently. "Under such circumstances, this court will CT Page 3843 not adopt a position contrary to the earlier ruling in this case on the same issue." Chertkova v. Connecticut Speciality, Orion Capital Corp. Superior Court, judicial district of New Britain, Docket No. 486347 (April 14, 2000, Graham, J.). Accordingly, Brown's motion to dismiss is denied.
MORAN, J.